[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15859
Non-Argument Calendar

_____

D. C. Docket No. 05-00071-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATDANAI POLCHANTARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 8, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Natdanai Polchantara appeals his 33-month sentence, which was imposed

after he pled guilty to receipt of child pornography, in violation of 18 U.S.C.

§ 2252A(a)(2)(A). On appeal, Polchantara argues that (1) the magistrate judge erred by failing to appoint an interpreter pursuant to the Court Interpreter's Act, 28 U.S.C. § 1827(d)(1)(A), and (2) his sentence violated United States v. Booker, 543 U.S. 220 (2005), because the district court enhanced his sentence based on a prior arrest and considered the United States Sentencing Guidelines to be mandatory.[1] After thorough review of the record and careful consideration of the parties' briefs, we dismiss in part and affirm in part.

The parties are familiar with the facts and we only summarize those necessary to our analysis. On April 8, 2005, Polchantara was indicted for receipt of 600 or more images of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). He pled guilty to Count 1 pursuant to a written plea agreement and proceeded to sentencing.[2]

---

[1] Polchantara also asserts various claims for ineffective assistance of trial counsel. Generally, we will not review a claim of ineffective assistance of counsel raised on direct appeal when the district court did not entertain the claim or develop a factual record. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002); see also Massaro v. United States, 538 U.S. 500, 504, (2003) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). Because Polchantara's claims were never raised in the district court, the facts underlying Polchantara's ineffective-assistance claims have not been sufficiently developed so as to enable us to reach the merits of Polchantara's claims -- that is, to consider whether counsel was truly ineffective or used sound trial strategy. Thus, we decline to consider this claim on direct appeal, without prejudice to Polchantara's ability to raise them later in a § 2255 motion. See Bender, 290 F.3d at 1284.

[2] Polchantara did not appeal to the district court from the magistrate judge's order denying appointment of an interpreter. Because we lack jurisdiction to review a magistrate judge's order

According to the presentence investigation report ("PSI"), Polchantara, a native of Thailand, moved to the United States in 1992 and earned a bachelor of arts degree in graphic design in 2001. Polchantara was attempting to obtain a graduate degree in graphic design when the instant offense was discovered in 2004. A multi-agency investigation into Regpay, a third-party billing and credit-card-aggregating company, revealed a number of individuals, including Polchantara, who paid to access child pornography websites. A search of Polchantara's apartment yielded 252 movie files that held child pornography and 2,149 separate images of child pornography.

The PSI recommended a base offense level of 17, pursuant to U.S.S.G. § 2G2.2(a), and the following adjustments: (1) two levels were added, pursuant to § 2G2.2(b)(1), since the material involved a prepubescent minor or a minor who had not attained the age of 12 years; (2) four levels were added, pursuant to § 2G2.2(b)(3), because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence; and (3) three levels were deducted, pursuant to U.S.S.G. § 3E1.1(a) and (b), for acceptance of responsibility. With an adjusted offense level of 20 and a criminal history category I, Polchantara faced a sentencing range of 33 to 41 months' imprisonment.

where the defendant failed to appeal the order to the district court, United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003), we must dismiss the appeal as to that order.

At the sentencing hearing on October 12, 2005, Polchantara asserted the following mitigating circumstances: (1) his mother's poor health, which included a nervous breakdown and heart and kidney problems; (2) his desire to return to Thailand and "to straighten out [his] life"; and (3) his remorse. The district court also considered a letter from Polchantara's father and the arguments of counsel. The district court inquired about how Polchantara could have been admitted to the United States in 1992 and remain in the country for over ten years on a student visa. The district judge noted that Polchantara was arrested in 1993 for a previous child pornography charge,[3] but clarified, speaking to Polchantara, that:

> [the arrest was] going to have nothing to do with the sentence you will get today, okay? But it's obvious to me in my opinion from reading the PSI and looking at your history that you took full advantage of our leniency; that you took full advantage of being admitted into the United States on a student visa and being a part-time student, and not going ahead and getting your education and then having the benefit of that education, and going back to help your parents, then, with that education, or whatever. That is not going to have anything to do with your sentence today, but it's clear to me, I mean, that since 1992 until now, if you can't get your degree, then I don't know when you're going to get it.

The district court then stated that "[t]he [c]ourt finds no reason to depart from the sentence called for by application of the <u>advisory</u> guidelines inasmuch as the facts

---

[3] The district court described the arrest as "possession of pornography," but the PSI lists it as an arrest for sexual exploitation of children.

as found are the kind contemplated by the Sentencing Commission," and imposed a sentence at the lowest end of the advisory range -- 33 months' imprisonment.

On appeal, Polchantara asserts Booker error because "the district court used [his] prior arrest as an enhancement and considered the United States Sentencing Guidelines to be mandatory rather than advisory." App't Brief at 19-20. Because Polchantara failed to assert these arguments in the district court, we will review them for plain error only. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). An appellate court may not correct an error the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

In Booker, the Supreme Court held that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial, and, as a remedy, excised the portion of the Guidelines mandating that district court's impose a sentence within the applicable Guidelines range. 543 U.S. at 258-59. The Supreme Court noted, however, that courts must continue to consult the Guidelines, together with the factors listed in

5

18 U.S.C. § 3553(a), which include, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See id.; 18 U.S.C. § 3553(a). Under the remaining provisions of § 3742, courts of appeals must review sentences for "unreasonable[ness]." Booker, 543 U.S. at 259-60.

We have explained that there are two types of Booker error: (1) constitutional error under the Sixth Amendment based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory, or non-constitutional, error based upon sentencing under a mandatory Guidelines system. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). There is no Booker error -- of a constitutional or statutory nature -- based solely on the application of extra-verdict enhancements. Rodriguez, 398 F.3d at 1300-01; see also United States v. Caldwell, 431 F.3d 795, 798 n.5 (11th Cir. 2005) (noting that no Booker error occurred because the district court sentenced appellant under advisory Guidelines and without any extra-verdict enhancements), cert. denied, (U.S. Apr. 3, 2006) (No. 05-9494). Nor is there Booker error where the district court accurately

6

calculates the advisory Guideline range and considers the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

Here, there was no Booker error because the district court clearly indicated that it was aware that the Guidelines were advisory. See Rodriguez, 398 F.3d at 1300-01; Caldwell, 431 F.3d at 798 n.5. Moreover, the district court sentenced Polchantara to the lowest end of the Guidelines range. Cf. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (observing that although a sentence within the advisory Guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable).[4] On this record, we can find no error, let alone plain error, based on Booker and conclude that a low-end 33-month sentence was reasonable.

**DISMISSED IN PART AND AFFIRMED IN PART.**

---

[4]We can find nothing in the record to support Polchantara's position that the district cout enhanced his sentence for a prior arrest. Indeed, although the district court mentioned the prior arrest, it twice expressly assured Polchantara that his immigration status would not affect his sentence.