[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-16483
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00040-CR-1-RDP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE ELLIOTT WILSON,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

----------------------------------------------------------------

**(June 26, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Bruce Elliot Wilson ("Wilson") appeals his 47-month sentence for being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). By order

dated 29 November 2006, we concluded that Wilson is barred by an appeal waiver from challenging the district court's application of the sentencing guidelines and the reasonableness of his sentence. After further review of the record, we conclude that Wilson's claims of ineffective assistance of counsel are without merit; we therefore affirm Wilson's sentence.[1]

Wilson initially pled not guilty to the section 922(g)(1) charge, but later entered a guilty plea pursuant to a written plea agreement, which included a waiver provision that excepted claims of ineffective assistance of counsel. In accordance with Fed. R. Crim. P. 11, the district court conducted a plea colloquy and established that Wilson wished to plead guilty and understood the rights he was waiving. During the colloquy, Wilson acknowledged that he understood that his potential sentence could be as much as ten to fifteen years, that he had discussed the sentencing guidelines with his counsel, and that a sentence higher than estimated would not be grounds for setting aside the plea. Wilson also indicated that he was "fully satisfied with the representation and advice" received from his counsel.

---

[1] In our prior order, we reserved judgment on Wilson's ineffective assistance claim, noting that we did not have access to the transcript of the 26 October 2006 hearing, during which Wilson indicates that the district court denied that claim after extensive discussion. Wilson has since filed a transcript of that hearing.

Nevertheless, Wilson later filed two pro se motions to discharge his appointed counsel on the grounds of ineffective assistance, claiming that counsel made certain legal errors about the indictment and that counsel misinformed Wilson of the possible sentencing range. Wilson's attorney also filed a motion to withdraw as counsel based on a strained relationship with Wilson. A magistrate judge denied Wilson's second motion[2] and his counsel's motion on 25 October 2005, noting that (1) the motions were made "on the eve of sentencing," (2) the district court had explained the possible sentencing range during the colloquy, and (3) permitting Wilson's counsel to withdraw would cause unnecessary delay.

Neither Wilson nor his counsel filed objections to the magistrate's order with the district court, although the district court raised the motions sua sponte during the 26 October 2005 sentencing hearing. The court informed Wilson that the indictment had not been amended, that Wilson's counsel "has done quite well," and that Wilson had previously acknowledged that a higher than anticipated sentence would not be the basis for invalidating the guilty plea. The court ultimately sentenced Wilson to 47 months' imprisonment, followed by a three-year term of supervised release.

---

[2]Neither the magistrate nor the district court ruled explicitly on Wilson's initial motion for new counsel.

The only remaining issue in Wilson's appeal is whether the district court erred in denying his motions to dismiss trial counsel for ineffective assistance. Although we generally do not review ineffective assistance claims on direct appeal, see Massaro v. United States, 538 U.S. 500, 504 (2003), the record in this case indicates that, at the 26 October hearing, the district court considered and rejected Wilson's claim that his trial counsel failed to inform Wilson adequately of the range of punishment he faced if he pled guilty.[3] See United States v. Camacho, 40 F.3d 349, 355 (11th Cir. 1994) (noting that we may hear ineffective assistance claim on direct appeal if record is sufficiently developed), overruled in part on other grounds by United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2005). The question of "[w]hether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to de novo review." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that "there is a reasonable

---

[3]During the hearing, the district judge stated that he "would be very surprised to find out that [counsel] didn't tell you about [sentencing] contingencies when you and he discussed these" and then said: "But in any event I specifically told you don't rely upon anyone's estimate, including your own, about what your base offense level may be or what your guideline range may be or what the ultimate sentence may be . . . ." The judge also told Wilson that "the fact that you are getting a higher than estimated sentence was something you specifically told me you understood would not be the basis for changing your plea."

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 694 (1984). As the district court implicitly determined, even if Wilson's counsel was in some way deficient in advising Wilson of the possible sentencing implications from his guilty plea, Wilson cannot establish prejudice.[4] During the plea colloquy, the district court itself explained to Wilson – in detail – the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting Wilson's guilty plea. Thus, any failure on the part of Wilson's counsel to clearly explain the possible punishment was cured by the district court. For this reason, Wilson's sentence is

AFFIRMED.

---

[4]In general, we lack jurisdiction to review a magistrate judge's order where the party appealing such order "failed to object to or appeal the magistrate judge's decision to the district court." <u>United States v. Brown</u>, 342 F.3d 1245, 1246 (11th Cir. 2003); <u>see</u> <u>also</u> Fed. R. Crim. P. 59(a) (noting that a party's failure to object to a magistrate's order on a nondispositive motion "waives a party's right to review"). But, although Wilson did not file <u>formal</u> objections to the magistrate's order, he did discuss the contentions contained in his motions with the district judge at the 26 October sentencing hearing. We think the district court's consideration and rejection of those contentions sufficient to provide us with jurisdiction over this issue.