KRAVITCH, Circuit Judge:
On July 31, 2002, a panel of this court rendered an opinion in the captioned case, an appeal from a conviction in a criminal case. United States v. Brown, 299 F.3d 1252 (11th Cir.2002), pet. for cert. granted and judgment vacated, — U.S. -, 123 S.Ct. 1928, 155 L.Ed.2d 847 (2003). One of the issues on appeal was from an order of the magistrate judge denying a pre-trial motion for the defendant’s counsel to withdraw. A copy of this order was sent to the district court. The defendant failed to object to or appeal the magistrate judge’s decision to the district court. This court held that it lacked jurisdiction to review the magistrate judge’s decision, relying on a former Fifth Circuit case, United States v. Renfro, 620 F.2d 497, 500 (5th Cir.1980) (holding that appeals from a magistrate’s rulings must first be made to the district court for the appellate court to have jurisdiction).[1]
Brown petitioned the Supreme Court for a writ of certiorari. In his brief in opposition to certiorari, the Solicitor General pointed out that there is a split in the circuits as to the authority of Courts of Appeals to review a magistrate judge’s ruling and argued that appellate courts should have jurisdiction to review magistrate judge’s rulings after conviction. The Supreme Court granted certiorari, vacated the panel opinion, and remanded the case for reconsideration in light of the Solicitor General’s brief.
Upon reconsideration, the panel is of the view that under our circuit precedent we are bound by Renfro, unless and until it is overruled by this court en banc or by the Supreme Court. See, e.g., United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir.1998) (en banc) (“Under our prior precedent rule, a panel cannot overrule a prior one’s holding....”); Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir.1997) (“The law of this circuit is ‘emphatic’ that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.”); see also Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1210 (11th Cir.1981) (en banc) (“The decisions of the former Fifth Circuit, adopted as precedent by the Eleventh Circuit, will, of course, be subject to the power of the Eleventh Circuit sitting en banc to overrule any such decision.”).[2]
Accordingly, we reinstate our original opinion.
OPINION AND JUDGMENT REINSTATED.

. Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (enbanc).

. We note that the Federal Judicial Conference Advisory Committee on Criminal Rules of Procedure has proposed a rule governing appeals from orders of magistrate judges substantially in accord with our decision. Proposed Federal Rule of Criminal Procedure 59, Matters Before a Magistrate Judge, part(a) Nondispositive Matters, provides that a failure to timely object to a magistrate judge’s order before the district court “waives a party’s right to review.” The Committee Note explains, "This waiver provision is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges’ decisions.”