[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2005
THOMAS K. KAHN
CLERK

No. 04-11535
Non-Argument Calendar

_____

D.C. Docket No. 02-14052-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREMAINE N. TIMOTHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 12, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tremaine Timothy appeals his convictions and 420-month sentence for:

(1) possession with intent to distribute cocaine base, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(B), based upon his May 10, 1998, arrest, (Count I);

(2) possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), based upon his May 10th arrest (Count II); (3) possession with intent to distribute five grams or more of cocaine base, in violation of § 841(a)(1) and (b)(1)(B), based upon his May 23, 1998, arrest, (Count III); and (4) possession of a firearm during and in relation to a drug trafficking offense, in violation of § 924(c)(1)(A) and (C), based upon his May 23rd arrest (Count IV).

Timothy raises the following issues on appeal: whether the district court erred by failing to grant his motions to suppress evidence and dismiss the indictment; whether the district court erred by denying his motion for judgment of acquittal as to his convictions for possession of firearms in furtherance of drug-trafficking offenses; and whether the district court plainly erred by sentencing Timothy pursuant to a mandatory application of the Sentencing Guidelines, in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). We address each argument in turn.

## I. Magistrate Judge's Denials of Motions to Suppress Evidence and Dismiss Indictment

On appeal, Timothy argues that the district court erred by failing to grant his motions to suppress evidence obtained as a result of his May 23, 1998, arrest and his May 10, 1998, arrest, and his motion to dismiss the indictment based upon a claim of double jeopardy. The magistrate judge recommended denying Timothy's motion to dismiss the indictment, as well as his motions to suppress. The parties were given ten days within which to file objections to the magistrate's recommendation, but no objections were filed, and the district court never ruled on the motions. Ultimately, a jury convicted Timothy on all counts of the indictment.

"The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[1] In *Renfro*, the defendant presented a motion to a magistrate, who, after a full hearing, issued an order denying the motion. *Id.* at 499-500. The defendant did not "raise[] the possibility that the magistrate erred" until a post-trial motion. *Id.* at 500. We held that the defendant's appeal must be dismissed, noting that the defendant had "deprived the trial judge of his ability to effectively review the magistrate's holding," and was "in essence. . . appealing a magistrate's decision directly to this Court." *Id.*

---

[1]In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In *United States v. Brown*, 299 F.3d 1252, 1259 (11th Cir. 2002) ("*Brown I*"), *vacated and remanded*, *Brown v. United States*, 538 U.S. 1010, 123 S. Ct. 1928 (2003), the district court referred a case to a magistrate for a report and recommendation on the defendant's motion.  Rather than submit a report and recommendation, however, the magistrate issued an order denying the motion. *Brown I*, 299 F.3d at 1259.  We noted that "[n]o order entered directly by the district court on [the] matter appear[ed] in [the] record, nor [was] there any indication from the record that Brown . . . ever raised the issue before the district court for review of the magistrate judge's order." *Id.*  We held that we were "without power to review the denial" of the motion, as an appeal from a magistrate's ruling must be made to the district court. *Id.* at 1260.  On remand from the Supreme Court, following the vacation of its original decision, we, noting that we were "bound by *Renfro*, unless and until it is overruled by this court *en banc* or by the Supreme Court," reinstated our original decision. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) ("*Brown II*"), *cert. denied*, 125 S. Ct. 37 (2004).

Because Timothy failed to file objections to the magistrate's recommendations or to insist that the district court rule on his motions to suppress and dismiss the indictment, Timothy essentially is appealing the magistrate's

4

recommendations directly to this Court, which is without power to review the magistrate's recommendations. Accordingly, we dismiss Timothy's appeal with regard to this issue.

## II. Denial of Motion for Judgment of Acquittal

Citing *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995), Timothy argued that "there was a complete absence of testimony related to the firearms and the government never attempted to present any evidence that firearms were 'actively employed' during the alleged trafficking offenses." However, since *Bailey*, Congress has expanded 18 U.S.C. § 924(c) to permit convictions for possession of a firearm "in furtherance of" a drug-trafficking offense, in addition to "active employment."

We review *de novo* the disposition of a defendant's properly preserved motion for judgment of acquittal. *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 (11th Cir. 1994). We need only determine whether "a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001) (internal quotations and citation omitted). "[R]easonable inferences, and not mere speculation, must support the jury's verdict" of guilty. *Perez-Tosta*, 36 F.3d at 1557.

Section 924(c)(1)(A) states:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

In *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002), we "analyze[d] . . . , for the first time, the sufficiency of the evidence required to support a conviction for possession of a firearm in 'furtherance of' a drug trafficking crime." Noting that "furtherance" means "a helping forward," we concluded that "a conviction under this portion of § 924(c) requires that the prosecution establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." *Id.* (citation omitted). We explained that Congress intended

6

that the government be required to "illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity." *Id.* In other words, "there must be 'a showing of some nexus between the firearm and the drug selling operation.'" *Id.* at 1253.

In the instant case, Detective Babcock testified, regarding the May 10th arrest, that he observed Timothy exit the vehicle holding a brown bag, which he later found contained drugs, and a black object, which he later determined was a firearm. Detective Babcock further testified that he subsequently observed Timothy attempting to bury the firearm and bag in the ground. Officer Koehn testified, regarding the May 23rd arrest, that he observed Timothy unlock the glove box, using a key hanging from a lanyard around his neck. Officer Hennings testified that, after being informed by Officer Koehn regarding Timothy having placed a firearm in the glove box, he asked Timothy for the lanyard and opened the glove box, at which time he found the firearm, previously seen by Officer Koehn, and several plastic baggies containing drugs. Agent Kent testified that the quantity and packaging of the cocaine base recovered during the searches was "indicative of possession to sell," and not of personal use.

Because the government established the required "nexus" between the firearms and the drug trafficking offenses, and a reasonable jury could have

concluded that the evidence established Timothy's guilt beyond a reasonable doubt, the district court did not err by denying Timothy's motion for judgment of acquittal, and we affirm his convictions.

### III. *Booker* Error

Timothy also argues that, based upon *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), the district court plainly erred by sentencing him pursuant to a mandatory application of the Sentencing Guidelines, and his sentence should be "reversed" and remanded for resentencing.

Because Timothy did not raise a constitutional challenge to his sentence in the district court, we review his appellate claims regarding the constitutionality of his sentence for plain error. *See United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005). To satisfy the plain-error standard, we must find that (1) the district court committed error, (2) that was plain or obvious, and (3) that affected his substantial rights. *Id.* at 1328-29. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329.

We have explained that there are two types of *Booker* error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2)

8

statutory error based upon sentencing under a mandatory guidelines system. *Id.* at 1329-31. In the instant case, there was no constitutional error, as the indictment alleged, and the jury subsequently found, that Timothy possessed with intent to distribute five or more grams of cocaine base. The district court, however, committed statutory *Booker* error by applying the guidelines in a mandatory fashion.

Statutory *Booker* error is error that is plain. *See United States v. Rodriguez*, 398 F.3d 1291, 1298-99, 1306 (11th Cir. 2005), *cert. denied*, 125 S. Ct. 2935 (2005). Thus, under the third prong of plain error review, Timothy has the burden to show that the statutory *Booker* error "affect[ed] substantial rights," that is, that the error "affected the outcome of the district court proceedings." *Id.* Because Timothy cannot show that his substantial rights were affected by the district court's erroneous application of the guidelines in a mandatory fashion, we affirm his sentence.[2]

_____

[2]The district court sentenced Timothy to a total term of 420 months of imprisonment: (1) 120 months' imprisonment as to Counts I and III, to be served concurrently; (2) 60 months' imprisonment as to Count II, to run consecutively to his sentence for Counts I and III; and (3) 240 months' imprisonment as to Count IV, to run consecutively to his sentence for Count II. The district court should have sentenced Timothy to 300 months of imprisonment as to Count IV, as required by statute. The mandatory-minimum statutory penalties compelled by the jury's verdict account for the 420-month sentence that was imposed, as: (1) a violation of § 924(c)(1)(A), as charged in Count II, carries with it a 5-year (i.e., 60 months) mandatory-minimum sentence to be imposed consecutive to any other sentence, 18 U.S.C. § 924(c)(1)(A); (2) a violation of § 841(b)(1)(B), as charged in Count III, requires a 5-year (i.e., 60 months) mandatory-minimum sentence, 21 U.S.C.

**AFFIRMED IN PART, DISMISSED IN PART.**

---

§ 841(b)(1)(B); and (3) a violation of § 924(c)(1)(C), a charged in Count IV, carries with it a 25-year (i.e., 300 months) mandatory-minimum sentence to be imposed consecutive to any other sentence, 18 U.S.C. § 924(c)(1)(C).  Nevertheless, since the 420-month sentence that the district court gave Timothy equals the correct mandatory-minimum sentence, Timothy was not prejudiced by this error.