[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13265
Non-Argument Calendar
_____

D. C. Docket No. 03-80095-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERON STEPHERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Heron Stepherson appeals his convictions and sentence for possession of

ammunition by a convicted felon and possession with the intent to distribute

cocaine base.  See 18 U.S.C. §§ 922(g)(1), 924(a)(2), 841(a) & 841 (b)(1)(C).  We affirm Stepherson's convictions because the district court did not clearly err when it denied Stepherson's motion to suppress and did not abuse its discretion when it admitted testimony from the grand jury proceedings.  We also affirm Stepherson's sentence because the district court did not clearly err when it applied the enhancement for possession of ammunition in connection with another felony and did not plainly err under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

## I.  BACKGROUND

Stepherson was indicted by a grand jury for possession of ammunition by a convicted felon and possession with intent to distribute crack cocaine.  Stepherson filed a motion to suppress evidence relating to an interrogation with the police.  Based on the recommendation of a magistrate judge, the district court denied the motion to suppress.  Stepherson was convicted of both counts by a jury, and the district court sentenced him to 78 months' imprisonment followed by three years' supervised release.

## II.  DISCUSSION

Stepherson makes four arguments on appeal.  He first argues that the district court erred in when it denied his motion to suppress statements he made during a custodial interrogation because he invoked his right to silence.  Second, Stepherson

2

argues that a the grand jury testimony of Sheanitha Salmon should not have been admitted as substantive evidence at trial. Third, Stepherson contends that the district court erred when it applied an enhancement for possession of ammunition in connection with another felony offense. Finally, Stepherson argues that the district court violated Booker when it enhanced his sentence under a mandatory guideline system based on findings made by the court but neither admitted by Stepherson nor found by the jury. We address each argument in turn.

*A. Motion to Suppress*

Because "rulings on motions to suppress involve mixed questions of fact and law, the district court's factual findings are reviewed under the clearly erroneous standard, while that court's application of the law is subject to de novo review." United States v. Ramos, 12 F.3d 1019, 1022 (11th Cir. 1994) (citation omitted). "When considering a ruling on a motion to suppress, the court must construe all facts in the light most favorable to the party prevailing in the district court." United States v. Mikell, 102 F.3d 470, 474 (11th Cir. 1996). The question we must consider is whether the district court clearly erred when it found that Stepherson did not unambiguously and unequivocally invoke his right to silence.

The government "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege

3

against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966). After an accused has been informed of his rights under Miranda, it is his burden to inform his interrogator that he wishes to invoke his right to remain silent. United States v. Alegria, 721 F.2d 758, 761 (11th Cir. 1983). Officers do not have a duty to ask clarifying questions when an accused makes an equivocal or ambiguous invocation of his Miranda rights. If "the suspect's statement is not an unambiguous or unequivocal request for [silence], the officers have no obligation to stop questioning him." Davis v. United States, 512 U.S. 452, 461-62, 114 S. Ct. 2350, 2356 (1994); see also Mikell, 102 F.3d at 477; Coleman v. Singletary, 30 F.3d 1420, 1424 (11th Cir. 1994). This determination is an objective one. See Davis, 512 U.S. at 458-59, 114 S. Ct. at 2355.

Stepherson invoked his right to silence when he said "I don't want wanna talk no more." After Stepherson made this statement, the detective immediately responded, "Ok. That's completely within your rights." The record shows that Stepherson then immediately engaged the officer in further conversation. That Stepherson continued to talk to the officers after stating that he did not want to talk leaves us with serious doubts that he effectively invoked his right to remain silent. Because we cannot objectively say that Stepherson's statement, followed by his initiation of further conversation, reflects an unambiguous and unequivocal invocation of his right to silence that would be clear to an objective police officer,

4

<u>Coleman</u>, 30 F.3d at 1424, the district court did not clearly err.

### *B.  Grand Jury Testimony*

Stepherson argues that the district court abused its discretion when it permitted the government to read into evidence at trial  Salmon's testimony to the grand jury.  He contends that his constitutional right of confrontation under <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S. Ct. 1354 (2004), was violated.  We review the admission of testimony by a district court for abuse of discretion. <u>United States v. Day</u>, 405 F.3d 1293, 1298 n.7 (11th Cir. 2005).

The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.  "The Confrontation Clause . . . forbids the introduction of hearsay evidence against criminal defendants unless the offered hearsay falls into a firmly rooted hearsay exception or the hearsay statement at issue carries a particularized guarantee of trustworthiness."  <u>United States v. Brown</u>, 299 F.3d 1252, 1258 (11th Cir. 2002) (quotations omitted), <u>vacated</u>, 538 U.S. 1010 (2003), <u>opinion reinstated by</u> 342 F.3d 1245, 1246 (11th Cir. 2003), <u>cert. denied</u>, 125 S.Ct. 37 (2004).  In <u>Crawford</u>, the Supreme Court held that prior testimony may be admitted only if the declarant is unavailable and the defendant had an opportunity to cross-examine the declarant.  <u>Crawford</u>, 541 U.S. at 68, 124 S. Ct. at 1374.

The problem for Stepherson is that in <u>Crawford</u> the Supreme Court

explained that the use of prior testimony does not violate that Confrontation Clause when the declarant is available and appears for cross-examination at trial:

> [W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. It is therefore irrelevant that the reliability of some out-of-court statements cannot be replicated, even if the declarant testifies to the same matters in court. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. (The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. . . .)

Id. at 59 n.9, 124 S. Ct. at 1369 n.9 (citations and quotations omitted).

Stepherson's claim that the grand jury testimony should not have been admitted is without merit. The district court did not abuse its discretion under the Confrontation Clause because Salmon was cross-examined at trial. See id. Stepherson's argument about the unreliability of Salmon's statement is without merit because Crawford leaves the issue of credibility to the jury. See id. The district court did not abuse its discretion when it admitted the testimony.

### C.  U.S.S.G. § 2K2.1(b)(5)

A challenge to the application of the sentencing guideline is a mixed question of law and fact. United States v. Ferreira, 275 F.3d 1020, 1024 (11th Cir. 2001). "This Court reviews the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts de novo." United States v. Anderson, 326 F.3d 1319, 1326 (11th Cir. 2003). Section 2K2.1 of the

Sentencing Guidelines provides for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5).

Stepherson argues that the district court clearly erred because the testimony of Salmon was inadmissible and unreliable. As explained above, the district court properly admitted Salmon's testimony to the grand jury. Because Salmon testified that (1) she lent her car to Stepherson, (2) Stepherson told her that he had possessed the bullets that were found in her car, (3) Stepherson apologized about the drugs found in her car, and (4) Stepherson told her that he sold drugs, there was sufficient evidence to prove that Stepherson possessed the ammunition in connection with drug trafficking. The district court did not err when it applied the enhancement.

### D.  Booker *Error*

Stepherson argues for the first time on appeal that the district court erred when it enhanced his sentence under a mandatory guideline system. Because Stepherson did not raise this issue in the district court, we review for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights."  Id. (quotation and citation omitted). "If all three conditions are met, an

7

appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

After Booker, there are two kinds of sentencing errors. As to the first, constitutional error, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005). As to the second, statutory error, "Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Stepherson raises both types of error for the first time on appeal.

As to the constitutional error, the first prong of the plain error test is satisfied because the district court enhanced Stepherson's sentence, under a mandatory guideline system, as a result of findings made by the judge that were neither admitted by Stepherson nor found by the jury. The second prong of the plain error test is also satisfied because, although the error was not "plain" at the time of sentencing, it is now plain under Booker. See Rodriguez, 398 F.3d at 1299.

Stepherson fails to satisfy the third prong of the plain error test. The third prong "requires that an error have affect[ed] substantial rights, which almost

always requires that the error must have affected the outcome of the district court proceedings." Id. (quotations and citations omitted). "It is the defendant rather than the [g]overnment who bears the burden of persuasion with respect to prejudice." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). "In applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Rodriguez, 398 F.3d at 1301.

Stepherson has not established that he would have received a more lenient sentence had the district court considered the Guidelines advisory as opposed to mandatory. The district court sentenced Stepherson at the highest point in the guidelines range. Even if Stepherson's sentence had been at the lowest point in the guideline range, the likelihood of a different result would be speculative without a clear statement from the district court that, but for the mandatory nature of the guidelines, the court would have imposed a lighter sentence. See id. The district court specifically addressed the factors in section 3553(a) of Title 18 of the United States Code and imposed the highest sentence permitted by the Guidelines. Because it is unclear whether the district court would have imposed a different sentence if it had applied the Guidelines in an advisory fashion, Stepherson has not established a reasonable probability that the result of his sentencing would have

9

been different but for the <u>Booker</u> error. <u>See</u> <u>id.</u> We need not apply the fourth prong of the plain error test.

Stepherson also cannot establish that the district court plainly erred when it considered the Guidelines mandatory. Although Stepherson met the first two prongs of the plain error test regarding the statutory error because "it was <u>Booker</u> [statutory] error for the district court to sentence [the defendant] under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation," <u>Shelton</u>, 400 F.3d at 1330-31, as discussed above, Stepherson cannot meet the third element of the plain error test because nothing in the record shows that the district court would have given him a lower sentence had the court applied the Guidelines in an advisory fashion. As a result, Stepherson has not demonstrated that his substantial rights were affected by the <u>Booker</u> statutory error, and we need not apply the fourth prong of the plain error test.

## III. CONCLUSION

For the foregoing reasons, Stepherson's convictions and sentence are **AFFIRMED.**