[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2011
JOHN LEY
CLERK

No. 11-11045
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00200-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ROMEO HERNANDEZ-ESTEBAN,
a.k.a. Carlos R. Hernandez,
a.k.a. Carlos Roman Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 29, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Romeo Hernandez-Esteban ("Hernandez") was convicted on a plea

of guilty to a violation of 8 U.S.C. § 1326(a) and (b)(2) (illegal reentry into the

United States following a previous deportation), and the district court sentenced him to a prison term of 24 months. He now appeals, raising one argument: the district court imposed a substantively unreasonable sentence by failing to consider sentencing disparities between fast-track and non-fast-track jurisdictions when considering a downward variance from the Guidelines sentencing.

We rejected this argument in *United States v. Vega-Castillo*, 540 F.3d 1235 (11th Cir. 2008). *Vega-Castillo* constitutes binding precedent. We are therefore constrained to follow it "unless and until it is overruled by this court *en banc* or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

AFFIRMED.