[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10662
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60026-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 18, 2012)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On July 26, 2004, Jermaine Gibson pled guilty (pursuant to a plea

agreement) to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  At sentencing, the District Court, based on the presentence investigation report prepared by the court's probation office,[1] determined that U.S.S.G. § 2D1.1 provided a base offense level of 32 for Gibson's offense, since the offense involved at least 50 grams but less than 150 grams of crack.[2]  Gibson had at least two prior felony convictions for a crime of violence or a controlled-substance offense, so the court designated him a career offender under U.S.S.G. § 4B1.1 with a criminal history category of VI.  The statutory maximum penalty for the offense was life imprisonment; the court consequently increased Gibson's base offense level to 37.  That offense level was reduced by three levels to level 34 pursuant to U.S.S.G. § 3E1.1 to reflect Gibson's acceptance of responsibility.  The offense level of 34 and criminal history category of VI then yielded a sentence range of 262 to 327 months' imprisonment.

The Government moved the District Court for a downward departure from that range pursuant to U.S.S.G. § 5K1.1 to give Gibson credit for the substantial assistance he had provided the Government in several investigations.  The court

---

[1]  The report was prepared in accordance with the 2003 Guideline Manual

[2]  The court held Gibson accountable for 85 grams of crack.

2

granted the motion and sentenced Gibson to prison for a term of 156 months.

In February 2008, Gibson moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), basing his motion on Amendment 706 to the Sentencing Guildelines, which reduced by two levels most of the base offense levels in the drug quantity table for offenses involving crack.  The Government opposed the motion on  motion on the ground that Amendment 706 did not apply because Gibson had been sentenced as a career offender and Amendment 706 did not lower his offense level since that level was controlled by the career offender guideline, § 4B1.1, not the offense guideline, § 2D1.1.  The District Court agreed and denied the motion.  Gibson appealed, and this court affirmed.  *United States v. Gibson*, No. 08-12293 (January 7, 2009) (not published).  *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), controlled our decision.  As in *Moore*,  "Gibson's guideline range was determined by application of the career offender guideline and the crack cocaine base offense level played no ultimate role in his sentence."

In December 2011, Gibson again moved the District Court for a sentence reduction pursuant to § 3582(c)(2).  He based his motion on the retroactive application of Amendment 750 to the Guidelines, which took effect on November 1, 2011.  The Amendment altered the drug quantity tables in U.S.S.G. § 2D1.1(c) by increasing the quantity of crack required to trigger each base offense level in

order to conform the levels to the statutory changes to the mandatory minimum terms of imprisonment created by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 23272.  The District Court denied the motion, holding, as it did in denying Gibson's previous motion for sentence reduction, that Gibson was not eligible for a sentence reduction because he was sentenced as a career offender. Gibson now appeals the ruling.

We are bound by this court's decision in *United States v. Moore* "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).  Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the District Court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2). *Moore*, 541 F.3d at 1330.  This includes the situation in which a retroactive amendment to § 2D1.1(c) would result in a lower base offense level, but the defendant was sentenced as a career offender.  *See id*. at 1326-30 (holding that a defendant whose original sentence was based upon the career-offender guideline, and not § 2D1.1, could not receive a sentence reduction based on Amendment 706 because it did not have the effect of lowering the applicable guideline range). Furthermore, we held in *Moore* that a defendant's receipt of a sentence below the

4

Guidelines sentence range pursuant to the Government's § 5K1.1 motion, as was the case here, did not mean that the defendant had not been sentenced based on his status as a career offender.  *Id.* at 1330.

AFFIRMED.