[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15054
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00013-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN PRESTON PRINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 24, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Alan Preston Prine appeals his conviction for using the internet to attempt to persuade, induce, entice and coerce a minor to engage in any sexual activity for which he could be charged with a criminal offense. *See* 18 U.S.C. § 2422(b). Prine challenges the exclusion of evidence that he did not possess child pornography; the denial of a jury instruction on entrapment; and the sufficiency of the evidence. We affirm.

The district court did not abuse its discretion by excluding as irrelevant evidence that investigators did not discover child pornography in Prine's home or on his computer. To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and must be "of consequence in determining the action." Fed. R. Evid. 401. The lack of child pornography in Prine's home is not probative of whether he intended to have a sexual encounter with a minor. *See* 18 U.S.C. § 2244(b); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) ("evidence of good conduct is not admissible to negate criminal intent" (quoting *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991)). Prine argues, for the first time, that evidence proved that he lacked the predisposition to induce a minor to engage in a sexual activity, but he could not introduce evidence about entrapment when he failed to prove that the government "push[ed]" him to commit the crime, *see United States v. Parr*, 716 F.2d 796, 802–03 (11th Cir. 1983). Because "[i]rrelevant evidence is not

2

admissible," Fed. R. Evid. 402, the district court correctly excluded evidence unrelated to Prine's charged offense.

The district court also did not abuse its discretion by refusing to instruct the jury about entrapment. "Entrapment is an affirmative defense and requires a defendant to prove that, but for the persuasion or mild coercion of the government, he would not have committed the crime." *United States v. Louis*, 559 F.3d 1220, 1224 (11th Cir. 2009). Prine responded within an hour to a vague advertisement containing the phrases "P.hamily fun" and "serious replies only" that had been posted on a Craigslist website by Corporal James Morton, who investigated online predators. The advertisement also used a code for "P.T.H.C." Morton, posing as "Cindy," replied vaguely, "I'm all ears." Prine inquired if she had "kids" and their "age/sex." When Cindy did not reply, Prine reinitiated contact six hours later about the "posting for what [he] thought was family fun," which he described as "sexual interaction between family members." Prine continued to exchange emails with Cindy for five hours, during which he discovered that Cindy had two daughters who were "not much older" than "9+"; he probed into the girls' sexual experiences; and he planned to meet the girls two days later. Prine also emailed Cindy and eagerly discussed the rendezvous on Monday morning, Monday evening, and Tuesday morning. Prine argues that he was induced by Morton's emails suggesting that sexual contact with the girls was normal and beneficial to

3

them, but the emails reveal that Morton did not "implant in [Prine's] mind . . . the disposition to commit the alleged offense and induce its commission," *Sorrells v. United States*, 287 U.S. 435, 442, 53 S. Ct. 210, 213 (1932). Prine commenced and reinitiated each email exchange with Cindy about her girls; he inquired about what sexual activities were permitted and prohibited; he promptly scheduled a rendezvous with them; and he suggested that he could develop a rapport with the girls by buying them ice cream and by bringing pizza for dinner. In sharp contrast to Prine, Cindy was vague and nonexplicit in her responses. Prine was not entitled to a jury instruction on entrapment when he initiated contact with Cindy and suggested having sexual activity with her daughters.

Ample evidence supports Prine's conviction for attempting to induce a minor to engage in sexual activity prohibited by state law. Prine's emails established that he intended to abuse two girls who were less than 12 years old by subjecting them to sexual contact. *See* Ala. Code § 13A-6-69.1(a). A jury reasonably could find that Prine thought the girls were younger than 12 years old. Prine expressed a preference for girls "9+" and he cunningly suggested enticing the girls with child-friendly food. Cindy told Prine that her "two girls [were] not much older" than "9+"; she cautioned Prine against using explicit language around her "babies"; she mentioned that the girls' bedtime was 9:00 p.m. on school nights and that she helped them bathe and dress; she stated that the girls "fe[lt] comfortable in

4

their room" and her younger daughter "like[d] her stuffed animals"; and she mentioned that the girls "picked . . .out" their outfits "cause they wanted to be able tell [Prine] that its their favorite to wear" and that she was "mak[ing] a bow to go with their outfits."  A reasonable jury also could find that Prine intended to molest the girls.  Prine told Cindy that he "wouldent feel right f***ing" the girls, and he asked if they "like[d] to touch and explore a man"; if he could "touch[]/explor[e] them"; and if one of the girls had "masturbate[d] herself . . . or [if] someone [did] it for her."  And Prine took substantial steps in an attempt to have a tryst with the girls.  *See* 18 U.S.C. § 2422(b); *United States v. Lanzon*, 639 F.3d 1293, 1296–97, 1299 (11th Cir. 2011).  He arranged to meet the girls in their home on a day and time convenient for their schedule; he traveled to their home; and he arrived with a pizza to entice them.

Prine disputes his conviction on the ground that he communicated exclusively with an adult, but Prine concedes that his argument is foreclosed by our decision in *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004).  In *Murrell*, we held that a defendant's "conduct fit[] squarely within the definition of 'induce'" under section 2422(b), when he, through "negotiating with the purported father of a minor, . . . attempted to stimulate or cause the minor to engage in sexual activity with him." *Id.* at 1287.  And we have since reiterated that "[a] defendant can be convicted under . . . section [2422(b)] when he arranges to have sex with a

5

minor or a supposed minor through communications with an adult intermediary."
*Lanzon*, 639 F.3d at 1299 (citing *Murrell* and *United States v. Lee*, 603 F.3d 904, 912–13 (11th Cir. 2010)).  "Under the prior precedent rule, we are bound to follow [our] prior binding precedent 'unless and until it is overruled by this court *en banc* or by the Supreme Court.'"  *United States v. Vega–Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)).

We **AFFIRM** Prine's conviction.