[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-12671, 17-13409
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20195-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHIRMACK WILES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(April 30, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Jhirmack Wiles appeals his convictions after

pleading guilty to two counts of brandishing a firearm in furtherance of a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The sole substantive issue he raises on appeal is whether Hobbs Act robbery, 18 U.S.C. § 1951(a), is a "crime of violence" for purposes of § 924(c).[1] Wiles maintains that it is not because it does not meet the definition of a crime of violence under the use-of-force clause in § 924(c)(3)(A), and because the risk-of-force or residual clause in § 924(c)(3)(B) is unconstitutionally vague, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). We affirm.

Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence, or possesses a firearm in furtherance of such a crime. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), a "crime of violence" is defined as an offense that is a felony and

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Section 924(c)(3)(A) is commonly referred to as the use-of-force clause, while § 924(c)(3)(B) is commonly referred to as the risk-of-force or residual clause. *United States v. St. Hubert*, 883 F.3d 1319, 1327 (11th Cir. 2018).

---

[1] Wiles also argues that the sentence-appeal waiver in his plea agreement does not bar his appeal, but the government does not seek to enforce the waiver or otherwise contest our authority to decide the issue raised.

2

After Wiles filed his brief with this Court, we held in *St. Hubert* that Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *St. Hubert*, 883 F.3d at 1328–29. Further, we rejected the argument that the Supreme Court's decision in *Johnson* invalidated the similarly worded clause in § 924(c)(3)(B). *Id.* at 1327–28. We stated that, in *Ovalles v. United States*, 861 F.3d 1247 (11th Cir. 2017), we had already ruled that *Johnson* did not invalidate § 924(c)(3)(B), and we found we were bound to follow *Ovalles*. *Id.* at 1328. We further concluded that, regardless of the Supreme Court's ruling in *Sessions v. Dimaya*, No. 15-1498 (U.S., argued Oct. 2, 2017), involving the residual clause in 18 U.S.C. § 16(B), that ruling would not undermine *Ovalles* because *Dimaya* concerned a different substantive section than § 924(c)(3)(B), as well as different analytical frameworks. *See id.* at 1336–37.

Here, Wiles's arguments are foreclosed by binding precedent. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (stating that we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court *en banc*). We are bound by *St. Hubert*'s holding that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). And Wiles's contention that the risk-of-force clause in § 924(c)(3)(B) is unconstitutionally vague is foreclosed by *Ovalles*, notwithstanding *Dimaya*. Accordingly, we affirm Wiles's convictions.

3

**AFFIRMED.**