[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 17-12671, 17-13409
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20195-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHIRMACK WILES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 14, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

We vacate our prior opinion in these consolidated appeals, issued April 30, 2018, and replace it with the following opinion.  Jhirmack Wiles appeals his

convictions after pleading guilty to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The sole substantive issue he raises on appeal is whether Hobbs Act robbery, 18 U.S.C. § 1951(a), is a "crime of violence" for purposes of § 924(c).[1]  Wiles maintains that it is not because it does not meet the definition of a crime of violence under the use-of-force clause in § 924(c)(3)(A), and because the risk-of-force or residual clause in § 924(c)(3)(B) is unconstitutionally vague, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  We affirm.

Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence, or possesses a firearm in furtherance of such a crime.  18 U.S.C. § 924(c)(1)(A).  For purposes of § 924(c), a "crime of violence" is defined as a felony offense that

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).  Section 924(c)(3)(A) is commonly referred to as the use-of-force clause, while § 924(c)(3)(B) is commonly referred to as the risk-of-force or residual clause.  *United States v. St. Hubert*, 883 F.3d 1319, 1327 (11th Cir. 2018).

---

[1] Wiles also argues that the sentence-appeal waiver in his plea agreement does not bar his appeal, but the government does not seek to enforce the waiver or otherwise contest our authority to decide the issue raised.

Wiles's argument that Hobbs Act robbery does not require the use, attempted use, or threatened use of physical force is foreclosed by binding precedent. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (we are bound by our prior panel decisions unless and until they are overruled by the Supreme Court or this Court *en banc*). In *St. Hubert*, after Wiles filed his brief to this Court, we made clear that Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *St. Hubert*, 883 F.3d at 1328–29. We said that we were bound by our decision in *In re Saint Fleur*, which held that Hobbs Act robbery "require[s] the use, attempted use, or threatened use of physical force against the person or property of another." 824 F.3d 1319, 1341 (11th Cir. 2016) (quotation marks omitted); *see St. Hubert* 883 F.3d at 1328.

Because Wiles's conviction for Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, we need not consider whether Hobbs Act robbery also qualifies as a crime of violence under § 924(c)(3)(B)'s clause. Even assuming that *Johnson* invalidated § 924(c)(3)(B)'s residual clause as unconstitutionally vague, § 924(c)(3)(A) provides an "independent and alternative ground" for affirming Wiles's § 924(c) convictions. *See St. Hubert*, 883 F.3d at 1328. We therefore affirm.

**AFFIRMED.**

3