[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14920
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-23672-UU

DEREK EDWARD ESLINGER,

Plaintiff,

TARA LYNN ESLINGER,

Plaintiff - Appellant,

versus

CELEBRITY CRUISES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 28, 2019)

Before MARTIN, NEWSOM, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Tara Lynn Eslinger, appeals the district court's order dismissing her claim for loss of consortium resulting from an injury sustained by her husband, Derek, onboard the *Equinox* pleasure cruise ship.  Derek filed suit against Celebrity Cruises, Inc., alleging that the negligence of the Equinox crew was the cause of his injury, and Tara asserted her own claim for the alleged deprivation of the affection, solace, care, comfort, companionship, conjugal life, fellowship, society, and assistance of her husband that resulted from his injury.  Celebrity moved to dismiss Tara's loss of consortium claim arguing that her claim was not authorized under general maritime law.  The district court granted the motion to dismiss, and we affirm.

## I.

We review de novo the district court's order dismissing Tara's loss of consortium claim.  *Montgomery Cty Com'n v. Fed. Housing Finance Agency*, 776 F.3d 1247, 1254 (11th Cir. 2015).  We accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of Tara.  *Id.*

## II.

Tara argues on appeal that the district court erred in dismissing her claim for loss of consortium because it did not examine the exceptional circumstances related to her claim, and it did not consider Derek's limited rights and remedies as

2

a non-seafarer passenger.  She also contends that the district court erred in relying on our circuit precedent because it has been called into question by the Supreme Court's decision in *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 129 S. Ct. 2561 (2009).

"Under the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by this court en banc or by the Supreme Court.'"  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)).  Our court has held that plaintiffs may not recover punitive damages, including loss of consortium damages, for personal injury claims under federal maritime law.  *See In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997); *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993) ("[N]either the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases.").

Generally, "[p]ersonal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts."  *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018). *See also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989) (stating that regardless of whether a claim is brought under diversity or

3

admiralty jurisdiction, general maritime law will apply to the claim when it concerns personal injuries on a ship in navigable waters).  Thus, maritime law governs.  Under our precedent, Tara's claim for loss of consortium is not cognizable.  Contrary to Tara's assertion, nothing in the *Atlantic Sounding* decision undermines our prior holdings.[1]  In *Atlantic Sounding*, the Supreme Court held that, as a matter of general maritime law, a seaman may recover punitive damages for the willful and wanton disregard of the maintenance and cure obligation in the appropriate case.  *Id.* at 424, 129 S. Ct. at 2575.  That decision did not apply to loss of consortium claims, and Tara fails to explain why passenger spouses, but not those of seamen, should be permitted to recover for loss of consortium.  *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 31–33, 111 S. Ct. 317, 325–26 (1990) (holding that a maritime claim for the wrongful death of a seaman did not include loss of consortium damages because such damages were unavailable under the statutory schemes of the Jones Act and the Death on the High Seas Act).

**III.**

---

[1] *See Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 251–52 (11th Cir. 2018) (rejecting argument that the *Atlantic Sounding* decision called into question our prior precedent that plaintiffs cannot recover loss of consortium damages for personal injuries sustained aboard a vessel) (persuasive authority).

4

After reviewing the record and reading the parties' briefs, we conclude that the district court did not err in dismissing Tara's claim for loss of consortium under our circuit precedent. Accordingly, we affirm the judgment of dismissal.

AFFIRMED.