[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11488
Non-Argument Calendar

_____

D.C. Docket No. 4:01-cr-00236-WTM-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY LEONARD WILSON,
a.k.a. Tabooky,
a.k.a. Bunky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 27, 2020)

Before WILLIAM PRYOR, Chief Judge, MARTIN and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Corey Leonard Wilson appeals *pro se* the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Wilson argues, for the first time on appeal, that the magistrate judge who recommended that the district court revoke Wilson's supervised release, *see* 28 U.S.C. § 636(b)(1)(B); 18 U.S.C. 3401(i), failed to ensure that he knowingly and intelligently waived his right to counsel. *See Faretta v. California*, 422 U.S. 806 (1975). The government responds that Wilson cannot prove the magistrate judge plainly erred because he warned Wilson of the dangers and disadvantages of self-representation. Even if we assume, for the sake of argument, that *Faretta* applies to revocation proceedings, because Wilson never objected in the district court, we lack jurisdiction to review the magistrate judge's ruling. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). We dismiss Wilson's appeal.

In 2002, a jury found Wilson guilty of conspiring to possess with intent to distribute 50 grams or more of cocaine base and cocaine hydrochloride and to manufacture 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a), 846, and possessing with intent to distribute 5 grams or more of cocaine base and marijuana, *id.* § 841(a)(1). The district court sentenced Wilson to concurrent sentences of 360 months of imprisonment, followed by 5 years of supervised release. Wilson appealed, and we affirmed his convictions and sentence. *United States v. Wilson*, 58 F. App'x 836 (11th Cir. 2003).

In 2017, Wilson's probation officer petitioned to revoke Wilson's supervised release. A magistrate judge appointed counsel to represent Wilson and scheduled his initial appearance hearing. During his initial appearance hearing, Wilson, accompanied by appointed counsel, requested to proceed *pro se* with his attorney serving as standby counsel. The magistrate judge explained to Wilson his rights to counsel and to self-representation and, following a recess in which he discussed the issue with counsel, Wilson insisted that he wanted to proceed *pro se*. The magistrate judge questioned Wilson and his probation officer, found that Wilson understood the risks of self-representation, and granted his requests to represent himself and for appointed counsel to serve as standby counsel. *See Faretta*, 422 U.S. at 835; *United States v. Owen*, 963 F.3d 1040, 1049 (11th Cir. 2020). The magistrate judge held an evidentiary hearing, determined that probable cause existed to revoke Wilson's supervised release, and referred the matter to "the district court for a full revocation hearing."

The district court also held an evidentiary hearing in which Wilson appeared *pro se* accompanied by standby counsel. The district court ruled that Wilson violated conditions of his supervised release, revoked his sentence to supervised release, and sentenced him to a term of imprisonment.

Wilson argues that the magistrate judge failed to ensure that his waiver of the right to counsel was made knowingly and voluntarily, but we must first

3

determine that we have jurisdiction to entertain his argument. As a court of limited jurisdiction, we must inquire *sua sponte* into our subject-matter jurisdiction even if the parties have not challenged it. *Perez–Priego v. Alachua Cty. Clerk of Ct.*, 148 F.3d 1272, 1273 n.1 (11th Cir. 1998) (raising issue of jurisdiction *sua sponte* in appeal from magistrate judge's report). "That is so because subject-matter jurisdiction underlies a court's power to hear a case." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

The Federal Magistrate Act allows district courts to designate some functions to magistrate judges. 28 U.S.C. § 631 *et seq.* The district court "may designate a magistrate judge to conduct hearings," on various civil and criminal matters, *id.* § 636(b)(1)(B), including petitions "to modify, revoke, or terminate supervised release," 18 U.S.C. § 3401(i). The magistrate judge must "submit to the [district court] proposed findings of fact and . . ., in the case of revocation, a recommended disposition under section 3583(e) of this title," *id.* § 3401(i), as required for other dispositive matters referred to the magistrate judge, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). A defendant must object to any alleged error by the magistrate judge to obtain a *de novo* review by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

In *Schultz*, we held that we lacked jurisdiction to review a magistrate judge's decision denying a motion for self-representation because the defendant failed to

4

object to that ruling. *Schultz*, 565 F.3d at 1359–62. We grounded our decision in precedent holding that a defendant who fails to object in the district court is, "in essence, . . . appealing a magistrate's decision," which we lack jurisdiction to review. *Id.* at 1359 (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)); *see United States v. Meier Brown*, 441 F.3d 1330, 1352 (11th Cir. 2006); *United States v. Jacqueline Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). We explained that "we [were] bound to follow *Renfro* under our prior panel precedent rule until this Court sitting *en banc* or the Supreme Court overrules it." *Schultz*, 565 F.3d at 1359; *see Jacqueline Brown*, 342 F.3d at 1246.

Based on *Schultz*, we must dismiss Wilson's appeal. Wilson never requested that the district court review the magistrate judge's decision to respect Wilson's right to self-representation. Wilson "in essence" appeals the magistrate judge's ruling directly to this Court, and "[t]he law is settled that [we] are without jurisdiction to hear appeals directly from federal magistrates," *Schultz*, 565 F.3d at 1359 (quoting *Renfro*, 620 F.2d at 500). We are obligated to apply this precedent.

We **DISMISS** Wilson's appeal.

5