[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14025

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

CORDERO BETHEL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60112-RS-2

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

The government appeals Cordero Bethel's 36-month total imprisonment sentence for three counts of smuggling three aliens into the United States for commercial and private gain.  On appeal, the government argues that: (1) because Bethel pled guilty to smuggling three aliens, he was subject to the 60-month statutory mandatory minimum under 8 U.S.C. § 1324(a)(2)(B); and (2) assuming *arguendo* that plain-error review applies, the district court plainly erred when it sentenced Bethel below the statutory mandatory minimum.  After thorough review, we vacate and remand for resentencing.

We review questions of statutory interpretation *de novo*. *United States v. St. Amour*, 886 F.3d 1009, 1013 (11th Cir. 2018). However, if the issue is raised for the first time on appeal, we review for plain error only.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  To establish plain error, a party must show (1) an error, (2) that is plain, and (3) that affected its substantial rights, meaning that the error affected the outcome of the case in the district court. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007); *United States v. Clark*, 274 F.3d 1325, 1329 (11th Cir. 2001).  If these three conditions are satisfied, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Turner*, 474 F.3d at 1276.  We've said that "to preserve an objection to a sentencing

determination, a party must raise that point in such clear and simple language that the trial court may not misunderstand it." *United States v. Brown*, 934 F.3d 1278, 1306 (11th Cir. 2019). Under our prior precedent rule, we must follow a prior binding precedent "unless and until it is overruled by this [C]ourt *en banc* or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (italics added).

Under 8 U.S.C. § 1324(a)(2)(B), a person who smuggles illegal aliens into this country for commercial advantage or private financial gain will be fined or imprisoned based on "each alien in respect to whom a violation of this paragraph occurs" and "in the case of a first or second violation of subparagraph . . . (B)(ii), not less than 3 nor more than 10 years, and for any other violation, not less than 5 nor more than 15 years." In *United States v. Ortega-Torres*, the defendant challenged § 1324(a)(2), arguing that his 22 convictions were one violation because he smuggled seven aliens at the same time and they should count as his first violation for sentencing purposes. 174 F.3d 1199, 1200 (11th Cir. 1999). We looked to the plain language of the statute and held that the penalties under § 1324(a)(2) were determined on a per-alien basis. *Id.* at 1201. Similarly, in *United States v. Raad*, we upheld Raad's 60-month mandatory minimum sentence for smuggling three aliens. 406 F.3d 1322, 1323 & n.2 (11th Cir. 2005). In affirming his 60-month sentence, we explained that Raad pled guilty to smuggling three aliens, each alien was counted as a separate violation, and he thus faced the mandatory minimum 60-month term of imprisonment. *Id.*

A district court has no discretion to downwardly depart from mandatory minimum sentences on its own motion on the ground that the sentences overrepresented the seriousness of the defendant's offense. *United States v. Simpson*, 228 F.3d 1294, 1302–03 (11th Cir. 2000); *see also Clark*, 274 F.3d at 1328 (stressing that "[t]he sentencing guidelines make clear that where a guidelines range falls entirely below a mandatory minimum sentence, the court *must* follow the mandatory statutory minimum sentence"). The district court, and we, remain bound by the statutory mandatory minimum sentences, *United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005), and nothing in *United States v. Booker*, 543 U.S. 220 (2005), changed that obligation. We've emphasized that mandatory minimum sentences, having been established by Congress, take precedence over the guideline range. *Clark*, 274 F.3d at 1328.

Here, even assuming arguendo that the government did not preserve its challenge to Bethel's sentence, we vacate Bethel's sentence and remand for resentencing because the district court plainly erred in sentencing Bethel below the statutory mandatory minimum.[1] As we've detailed, our precedent establishes that the

---

[1] As a preliminary matter, it is unclear whether the government preserved its challenge to Bethel's sentence. While the government did not object to the sentence, the district court did not explicitly ask whether the government had any objections to the sentence. Further, the government argued for the imposition of the 60-month mandatory minimum sentence and argued that the court should not follow Bethel's request for a sentence below the 60-month statutory mandatory minimum. Since the government put the district court on notice of the statutory mandatory minimum, it is arguable that the

penalties under § 1324 are punished on a per-alien basis and that a defendant who smuggles three aliens, and pleads guilty to three charges for doing so, is subject to the five-year mandatory minimum. *See Ortega-Torres*, 174 F.3d at 1201; *Raad*, 406 F.3d at 1323 & n.2. As the record reflects, Bethel pled guilty to smuggling three aliens and the three corresponding charges under § 1324(a)(2)(B)(ii). Further, his presentence investigation report, the government, and his attorney noted that he was subject to the five-year mandatory minimum. Thus, under our clear precedent, the district court committed error, that was plain, by sentencing Bethel below the five-year mandatory minimum in § 1324(a)(2) on his third count of conviction. *See Ortega-Torres*, 174 F.3d at 1201; *Raad*, 406 F.3d at 1323 & n.2.

As for the next step of the plain-error test, the government showed that its substantial rights were affected because the outcome of the district court proceedings was altered by the district court's error. *Clark*, 274 F.3d at 1329. Without the district court's error, Bethel's total sentence would have been 60 months instead of 36 months. Finally, as for the last step, the error affects the integrity or public's perception of the judicial proceedings because it is expected that courts will abide by the penalties set out by Congress. *Id*. Therefore, the government has shown that the court's

---

government preserved its challenge to Bethel's sentence, even if it did not object. *See Brown*, 934 F.3d at 1306. We need not resolve this issue, however, because the government met its burden of establishing plain error, as we'll discuss.

failure to impose the 60-month mandatory minimum for Bethel's third count of conviction was plain error. We vacate and remand for resentencing consistent with the statutory minimum imprisonment term.

**VACATED AND REMANDED.**