[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16057
Non-Argument Calendar
_____

D.C. Docket No. 5:01-cr-00068-CAR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASEY NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 29, 2013)

Before MARTIN, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Casey Nelson appeals the district court's denial of his motion for a reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). After review of the record and the parties' briefs, we affirm.

On December 11, 2002, Mr. Nelson pled guilty to distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The pre-sentence investigation report indicated that Mr. Nelson's total offense level was 25 based upon the quantity of cocaine base (24.3 grams) as well an adjustment for accepting responsibility.[1] Mr. Nelson, however, qualified as a career offender under U.S.S.G. § 4B1.1, which subjected him to an enhanced total offense level of 31 and a sentencing guideline range of 188 to 235 months' imprisonment. The district court sentenced Mr. Nelson as a career offender to 188 months' imprisonment.

On November 18, 2011, Mr. Nelson filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2374 (2010). The district court denied Mr. Nelson's motion because (1) "a defendant whose original sentence was based on the Career Offender Guidelines . . . cannot receive a sentence reduction pursuant to a Guideline amendment like Amendment 750," and (2) the Fair Sentencing Act does not apply to defendants sentenced before its enactment. *See* D.E. 133 at 2-4. This appeal followed.

"In a § 3582(c)(2) proceeding, 'we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.'"

---

[1] If Mr. Nelson had been sentenced according the offense level for his crack cocaine offense, his sentencing guideline range would have been 110-137 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (2000). In his initial brief, Mr. Nelson erroneously states that the sentencing guideline range based on his offense was identical to the sentencing guideline range based on his career offender status. *See* Initial Br. at 4.

*United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3582(c)(2), a district court may reduce the terms of a defendant's imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. If, however, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330.

In this case, Mr. Nelson was not eligible for a reduced sentence because he was sentenced as a career offender under § 4B1.1. His sentencing guideline range remained unchanged because § 4B1.1 was not affected by Amendment 750. *See id.* at 1327 (holding that defendants sentenced as career offenders under § 4B1.1 are not entitled to sentence reductions based on an amendment to the base offense levels for crack cocaine offenses in § 2D1.1); *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (holding that *Moore* remains binding precedent and applies to Amendment 750).

Mr. Nelson urges us to reconsider this interpretation of § 3582(c)(2) because he believes that the Supreme Court's decision in *Freeman v. United States*, __ U.S. __, 131 S. Ct. 2685 (2011), has "call[ed] *Moore's* narrow interpretation of the phrase 'based on' into question." *See* Initial Brief at 7. We have, however, already rejected that argument in a published decision. *See Lawson*, 686 F.3d at 1321

3

(interpreting *Freeman* and holding that "*Moore* remains binding precedent because it has not been overruled"). And, under our prior precedent rule, we are bound to follow *Lawson* "unless and until it is overruled by this court *en banc* or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Mr. Nelson's claim for relief under the Fair Sentencing Act is similarly foreclosed by our precedent. In *United States v. Berry,* 701 F.3d 374, 377 (11th Cir. 2012), we held that the Fair Sentencing Act is not a guidelines amendment by the Sentencing Commission and, therefore, cannot be the basis for a sentence reduction under § 3582(c)(2). In addition, Mr. Nelson was sentenced before the effective date of the FSA, and it is not retroactively applicable to him. *See id.* ("We agree with every other circuit to address the issue that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'") (citation omitted).

In sum, the district court correctly denied Mr. Nelson's § 3582(c)(2) motion.

**AFFIRMED**.