[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10240
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00179-GAP-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FORTUNE TYRONE HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 14, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Fortune Tyrone Hill appeals his 180-month sentence, imposed below the guideline range, after being convicted of 1 count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841.  On appeal, Hill argues that the district court erred by determining that he was a career offender.  He contends that the career offender provision of the sentencing guidelines is unconstitutionally vague.  Additionally, he argues that his prior convictions for fleeing or attempting to elude, the sale of cocaine, and aggravated assault with a firearm do not qualify as predicate offenses under the guidelines.

We review *de novo* whether a prior conviction qualifies as a predicate offense under § 4B1.2.  *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).  A defendant is a career offender subject to an enhanced sentence where the instant offense is a felony that is either a crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  The Sentencing Guidelines define "crime of violence" as any offense under federal or state law, punishable by a term exceeding one year, that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

*Id.* § 4B1.2(a).  A "controlled substance offense" is defined as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the import, export, distribution, or dispensing of a controlled substance, or the possession of a controlled substance with intent to, among other alternatives, distribute.  *Id.* § 4B1.2(b).  We can make the determination of whether an offense qualifies as crime of violence from the face of the relevant statutes. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011).  A prior panel decision may only be overruled by us sitting *en banc* or by the Supreme Court. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver, cocaine as a second-degree felony, punishable by a prison term of up to 15 years.  *See* Fla. Stat. §§ 893.13(1), 775.082(3)(d).

We have previously decided that a prior conviction under § 893.13(1) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014) *cert. denied*, 135 S. Ct. 2827 (2015).  In *Smith*, we rejected the argument that a predicate offense, as defined under § 4B1.2(b), requires *mens rea*, noting that neither Congress nor the Sentencing Commission had called for a *mens rea* requirement in the prior offenses.  *Id.* at 1267.  Similarly, we have previously decided that the crime of fleeing and eluding,

in violation of Fla. Stat. § 316.1935 is a qualifying predicate crime of violence. *United States v. Orisnord*, 483 F.3d 1169, 1183 (11th Cir. 2007).  Lastly, we have previously decided that the career offender residual clause is not unconstitutionally vague. *United States v. Matchett*, 802 F.3d 1185, 1189 (11th Cir. 2015).

Prior convictions for fleeing or attempting to elude and for the sale of cocaine qualify as predicate offenses under our prior precedent.  Similarly, Hill's argument regarding the constitutionality of the sentencing guidelines career offender provision is foreclosed by our prior precedent.  Because those two convictions are sufficient to establish that Hill is a career offender, we do not need to determine the applicability of his aggravated assault with a firearm conviction.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**

4