[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16176
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00174-HES-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE RICHARD ROBINSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 10, 2017)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Shane Richard Robinson appeals his 127-month sentence, imposed below his applicable Sentencing Guidelines range, after he pled guilty to one count of possession of cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On appeal, Robinson argues that the district court erred in applying the U.S.S.G. § 4B1.1 career offender enhancement when calculating the guideline range for his sentence.  He contends that his prior convictions in 2008 for the sale of cocaine within 1,000 feet of a convenience business and in 2013 for the sale of cocaine, both under Fla. Stat. § 893.13, lacked a *mens rea* requirement and thus did not qualify as "controlled substance offenses" supporting the application of the career offender enhancement.

We review *de novo* whether the career offender enhancement properly was imposed under the Sentencing Guidelines.  *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010).  A defendant is deemed a career offender if, among other things, he has at least two prior felony convictions for a controlled substance offense.  U.S.S.G. § 4B1.1(a).  A "controlled substance offense" is:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id*. § 4B1.2(b).

2

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine within 1,000 feet of a convenience business as a first degree felony.  Fla. Stat. § 893.13(e)(1).  First degree felonies are punishable by up to 30 years' imprisonment.  *Id.* § 775.082(3)(b)(1).  Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver, of cocaine as a second degree felony, punishable by a prison term of up to 15 years.  *Id.* §§ 893.13(1), 775.082(3)(d).

As Robinson acknowledges, we previously have held that a prior conviction under § 893.13 is a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  *See United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014).  Because we are bound to follow that precedent unless and until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court, we acknowledge that he has preserved this challenge but do not address it further.  *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003); *see also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that, although a decision of the Supreme Court may overrule or abrogate prior panel precedent, such a decision "must be clearly on point" (internal quotation marks omitted)).  Accordingly, Robinson's sentence is affirmed.

**AFFIRMED.**

3