[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12783
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22535-UU; 1:95-cr-00902-UU-1

JUAN DIEGO PAUCAR,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Juan Diego Paucar, a federal prisoner serving a 295-month sentence, appeals the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate his sentence.  The district court granted a certificate of appealability (COA) on the issue of whether the mandatory 1995 Sentencing Guidelines are subject to a vagueness challenge pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In 1996, Paucar pleaded guilty to eight counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  A Presentence Investigation Report (PSI) was prepared for sentencing using the pre-*Booker* 1995 version of the Sentencing Guidelines Manual.  In addition to calculating Paucar's offense level and applying the mandatory consecutive sentence imposed under § 924(c), the PSI found that Paucar qualified as a career offender under U.S.S.G. § 4B1.1.  Paucar was sentenced to 235 months for the eight armed bank robbery counts, and a consecutive term of 60 months for the § 924(c) count.  Paucar moved to vacate this sentence under 28 U.S.C. § 2255, and now appeals the district court's denial of his motion to vacate.

Paucar was sentenced as a career offender under U.S.S.G § 4B1.2(1)'s residual clause.  He claims that his past convictions for Florida aggravated assault and battery no longer qualify as crimes of violence under § 4B1.2(1)'s residual

2

clause because that clause is unconstitutionally vague.[1]  Paucar acknowledges that

our precedent barring vagueness challenges to the Guidelines undermines his

career offender claim but asserts that the decision is not binding here and was

wrongly decided.

In evaluating the district court's denial of a motion to vacate under § 2255,

we review legal conclusions de novo and factual findings for clear error.  *Lynn v.*

*United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Issues not

specified in the COA will not be addressed, though the COA may be read to

encompass procedural issues that must be resolved before we can reach the

underlying merits of a claim.  *Murray v. United States*, 145 F.3d 1249, 1250 (11th

Cir. 1998) (per curiam); *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th

Cir. 2001).

Here, we address only the issue specified in the COA from the district court:

whether Paucar may challenge the mandatory 1995 Sentencing Guidelines for

unconstitutional vagueness.  In *United States v. Matchett*, we held that the

vagueness doctrine does not apply to the advisory Sentencing Guidelines.  802

F.3d 1185, 1194–96 (11th Cir. 2015).  In *In re Griffin*, which concerned an

application to file a second or successive § 2255 motion, we extended the holding

---

[1] The residual clause language in § 4B1.2(1) of the 1995 Sentencing Guidelines was materially identical to 18 U.S.C.A. § 924(e)'s residual clause, which the Supreme Court held to be unconstitutionally vague in *Johnson*.

in *Matchett* to the mandatory guidelines, concluding that the Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge.  823 F.3d 1350, 1351, 1354–56 (11th Cir. 2016).

In *Beckles v. United States*, the Supreme Court held that the advisory guidelines are not subject to a vagueness challenge under the Due Process Clause. 137 S. Ct. 886, 895–96 (2017).  *Beckles* did not address whether the mandatory guidelines were subject to a vagueness challenge.  *See id.*

Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or by the Eleventh Circuit en banc.  *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).  This rule applies equally to prior published orders in the context of applications to file second or successive § 2255 motions.  *United States v. St. Hubert*, 883 F.3d 1319, 1329 (11th Cir. 2018).[2]  *Griffin* thus controls here, foreclosing Paucar's vagueness challenge to the 1995 Sentencing Guidelines.

**AFFIRMED.**

---

[2] Unless the Eleventh Circuit reconsiders its decision in *St. Hubert*, we must follow the current decision as binding precedent.