[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10792
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00045-BJD-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEMONE LAWRENCE WALKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 30, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Jemone Lawrence Walker appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He first contends that his conviction should be vacated because § 922(g) is unconstitutional, as it does not require the government to prove that the firearm he possessed had a substantial effect on interstate commerce. Second, he argues that the district court improperly concluded that he was an armed career criminal under the Armed Career Criminal Act (ACCA) because the elements clause of the ACCA is unconstitutional and, regardless, a conviction under Florida's robbery statute does not constitute a "violent felony" under the elements clause. And third, he asserts that the district court deprived him of an opportunity to allocute at sentencing, and therefore he is entitled to a new sentencing hearing.

Our precedent bars Walker's first argument, as we have repeatedly and unreservedly rejected arguments that § 922(g) exceeds Congress's Commerce Clause authority. We also reject Walker's argument that the elements clause is unconstitutional. And—as both our court and the Supreme Court have held—we conclude that a Florida conviction for armed robbery constitutes a violent felony under the elements clause of the ACCA. However, we agree with Walker that the district court erred when it failed to address him personally and provide him with an opportunity to allocute. So, although we affirm his conviction, we vacate his sentence and remand for resentencing so that Walker may allocute.

2

## BACKGROUND

Walker was charged in a one-count indictment.  Before his trial, Walker moved to dismiss the indictment, arguing that § 922(g) was unconstitutional both facially and as applied to him because that section does not require the government to prove that a firearm had a substantial effect on interstate commerce.  Citing our precedent, the district court denied the motion.

The case went to trial.  There, the government called Special Agent John Prowley of the Bureau of Alcohol, Tobacco, and Firearms to present evidence that Walker was in possession of a firearm after having been convicted of a felony. Agent Prowley testified that he had received special training on how to examine firearms and determine where they were made and how they were made.  He testified that he examined the firearm in question and determined that it was a Rohm Model RG10, which is a German-made firearm.  He further stated that he was able to determine that the firearm was made in Germany based on the "made in Germany" stamp on the barrel and two quality-control stamps on the frame of the firearm.  He also said that the firearm was likely made before 1968 since the Gun Control Act banned the importation of that firearm.

After the close of evidence, Walker moved for a judgment of acquittal, arguing that the government presented insufficient evidence that he possessed a firearm that affected foreign commerce in any way.  The court denied the motion.

And it denied another motion for judgment of acquittal and to dismiss the indictment.  A jury then found Walker guilty.

Citing multiple prior felonies, Probation designated Walker as an armed career criminal under U.S.S.G. § 4B1.4.  Probation listed the following convictions to support this enhancement: armed robbery and attempted armed robbery committed on June 6, 2004, unarmed robbery committed on January 18, 2011, and attempted robbery committed on February 14, 2011.  Walker objected to this enhancement, arguing that Florida robbery—armed or not—does not qualify as a "violent felony" under the ACCA's elements clause.  And he noted that the issues he raised were pending before the Supreme Court.  *See Stokeling v. United States*, 584 U.S. ___,138 S. Ct. 1438 (2018) (granting petition for a writ of certiorari).

Before his sentencing, the Supreme Court issued a decision in *Stokeling v. United States*, 586 U.S. ___, 139 S. Ct. 544 (2019) (holding that Florida robbery qualifies as a violent felony under the elements clause of the ACCA).  Walker then filed a supplemental memorandum in support of his objection to the presentence report's (PSR) classification of him as an armed career criminal.  He argued that even after *Stokeling* he was still not an armed career criminal because the elements clause itself was unconstitutionally vague under the Supreme Court's reasoning in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2563 (2015).  He further argued that even if the elements clause of the ACCA passed constitutional muster,

4

he was still not an armed career criminal, because robbery by "putting in fear" did not satisfy the elements clause, as it did not require the "threatened use" of physical force. And even though we said in *United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011), that "putting in fear" qualified under the elements clause, Walker argued that *Stokeling* compelled a different result. The district court overruled Walker's objection, concluding that *Stokeling* and our precedent required as such.

After the district court addressed the parties' objections to the PSR and the parties made their arguments in support of their proposed sentences, the district court asked if there was any reason why the sentence should not be pronounced. Walker's attorney responded, "no." However, immediately thereafter, the court stated, "I'm sorry. I just want to make sure. Does Mr. Walker want to make a statement to the Court?" In response, Walker's attorney stated, "[h]e does not." The district court stated, "[v]ery good," and sentenced Walker to 188 months' imprisonment, followed by 3 years of supervised release. Walker then objected to "the sentence and the manner in which it was imposed," which the district court overruled.

## DISCUSSION

### I.

Generally, we review the constitutionality of a statute de novo, as it is a question of law. *United States v. Wright*, 607 F.3d 708, 715 (2010). But under our prior-precedent rule, we are bound to follow a prior binding precedent "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Walker believes that § 922(g) is facially unconstitutional because it does not require the government to prove that the firearm he possessed had a substantial effect on interstate commerce. Yet "[w]e have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *see also United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001) (concluding that the jurisdictional element of the statute immunizes § 922(g)(1) from facial constitutional attack); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) (holding that § 922(g)(1) is constitutional because of its jurisdictional element). Through the statute, Congress specifically prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess *in or affecting commerce*, any firearm or ammunition." 18 U.S.C. § 922(g)(1) (emphasis added). By including the phrase words "in or affecting commerce," Congress indicated its "intent to assert its full

6

Commerce Clause power." *Wright*, 607 F.3d at 715.  Therefore, the express jurisdiction requirement in § 922(g) defeats Walker's facial challenge to the constitutionality of § 922(g)(1) because it is a regulation of guns with an explicit connection to interstate commerce.  *See McAllister*, 77 F.3d at 390.  Undoubtedly, "[w]hen viewed in the aggregate, a law prohibiting the possession of a gun by a felon stems the flow of guns in interstate commerce to criminals."  *Id.*

Alternatively, Walker argues that § 922(g) is unconstitutional as applied because it does not require the government to prove that the firearm he possessed had a substantial effect on interstate commerce.  We have categorically rejected similar arguments and do so again today.  *See Jordan*, 635 F.3d at 1189-90; *Scott*, 263 F.3d at 1274; *McAllister*, 77 F.3d at 390.  There is no requirement for an individualized showing of a "substantial" effect on interstate commerce. *McAllister*, 77 F.3d at 390.  Instead, "§ 922(g) only requires that the government prove some minimal nexus to interstate commerce," and the government may meet its burden by showing that the particular firearm "traveled in interstate commerce." *Wright*, 607 F.3d at 715 (internal quotations marks omitted).

The government met that burden here.  Special Agent Prowley presented evidence that Walker was in possession of a Rohm Model RG10, a German-made firearm.  The firearm was made in Germany, based on the stamp on its barrel and two quality-control stamps on its frame.  It manifestly traveled through interstate

7

commerce and therefore satisfied the minimal nexus requirement.  And contrary to Walker's arguments, *United States v. Lopez*, 514 U.S. 549 (1995) does not change our analysis.  *See McAllister*, 77 F.3d at 389–90 (rejecting appellant's argument that *Lopez* implicates § 922(g)).

In sum, we conclude that Walker's challenges to the constitutionality of § 922(g) (both facially and as applied) lack merit and thus do not establish reversible error.  And as the government presented evidence that the firearm Walker possessed traveled in interstate commerce, we further conclude that the minimal-nexus requirement was satisfied in this case.  Accordingly, we affirm in this respect.

## II.

We review de novo whether a prior conviction is a "violent felony" within the meaning of the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  But again, our prior-precedent rule binds us to our past decisions unless and until they are overruled by the Supreme Court or this court sitting en banc.  *Brown*, 342 F.3d at 1246.

Walker argues that he was erroneously sentenced as an armed career criminal under the ACCA.  His view is that the elements clause is unconstitutionally vague for the same reasons the Supreme Court has held the residual clause to be invalid.  We disagree.

8

The Supreme Court struck down the ACCA's residual clause as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. at 2563. It held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges" and therefore denied defendants sentenced pursuant to the residual clause their due-process rights. *Id.* at 2557. But the Court noted that its decision did not "call into question [the] application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony," including the elements clause. *Id.* at 2563. So, the holding of *Johnson* does not support Walker's claim.

Even so, Walker insists that we use *Johnson*'s logic to invalidate the elements clause. He says that *Stokeling* compels this result as it demonstrates that the elements clause is "unworkable." We do not agree. In *Stokeling*, the Supreme Court reasoned that because a robbery offense that requires a criminal to overcome the victim's resistance necessitates the use of physical force, it constitutes a predicate violent felony under the ACCA's elements clause. *See Stokeling* 139 S. Ct. at 549–54. Because Florida robbery requires physical force, the Court held that it categorically qualifies as a violent felony under the elements clause. *Id*. at 555. The decision is *Stokeling* was thus premised on the elements clause. And we refuse to read a case that finds that Florida robbery qualifies as a violent felony

under the elements clause as also bringing the elements clause's constitutionality into doubt.

We also reject Walker's contention that, even after *Stokeling*, Florida robbery should not qualify as a violent felony.  But even if *Stokeling* did not mandate this outcome, our own precedent would foreclose this argument.  *See Lockley*, 632 F.3d at 1241–43, 1245 (finding that a robbery conviction under Fla. Stat. § 812.13(1) is categorically a crime of violence under § 4B1.2(a)'s enumerated-offenses and elements clauses); *United States v. Fritts*, 841 F.3d 937, 940–943 (11th Cir. 2016) (applying *Lockley* to hold that a Florida robbery conviction under Fla. Stat. § 812.13 categorically qualifies as a violent felony under the ACCA).[1]

Walker is aware of our precedent but contends that *Lockley* should not be binding because it failed to consider then-existing Supreme Court precedent in *Leocal v. Ashcroft*, 543 U.S. 1 (2004) (holding that petitioner's conviction under Fla. Stat. § 316.193(3)(c)(2) for driving under the influence of alcohol was not a crime of violence under 18 U.S.C. § 16).  Moreover, he believes both *Lockley* and *Fritts* were abrogated by *Elonis v. United States*, 575 U.S. ___, 135 S. Ct. 2001

---

[1] Note that we have repeatedly read the definition of a violent felony under § 924(e) of the ACCA as virtually identical to the definition of a crime of violence under U.S.S.G. § 4B1.2. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Because of this strong similarity, we consider cases interpreting one as authority in cases interpreting the other. *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).

10

(2015). He is wrong on both counts. *Leocal* does not undermine *Lockley* because "[u]nder this Court's prior panel precedent rule, there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent." *Fritts*, 841 F.3d at 942. As for *Elonis*, nothing in that case abrogates our decisions in *Lockley* or *Fritts*. In *Elonis*, the Supreme Court determined whether a federal threat statute required proof that the defendant was "aware of the threatening nature of the communication, and—if not—whether the First Amendment requires such a showing." *Elonis*, 135 S. Ct. at 2004. It did not address the ACCA. *See generally id.*

Accordingly, the district court properly classified Walker as an armed career criminal and we affirm in that respect.

III.

We review the legality of a criminal sentence de novo. *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). The right of allocution requires a sentencing court to "address the defendant personally in order to permit [him] to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). The right to allocution is "firmly entrenched in our criminal jurisprudence." *United States v. Machado*, 886 F.3d 1070, 1087 (11th Cir. 2018). "It provides a defendant the opportunity to plead personally with the district court

for leniency in sentencing and to state any potentially mitigating factors for consideration." *Id.*

"[A] district court's failure to afford a defendant the right of allocution will be reviewed only for plain error where the defendant did not timely object." *Prouty*, 303 F.3d at 1251.  To properly object, the defendant must do so in a way that is "sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought[,]" and "[t]he objection must be raised in such clear and simple language that the trial court may not misunderstand it." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (internal quotation mark omitted).

Under the plain error rule, we reverse only if "there is:  (1) error, (2) that is plain, and (3) that affects substantial rights, and if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Doyle*, 857 F.3d 1115, 1118 (11th Cir. 2017) (internal quotation marks omitted). An error is some "deviation from a legal rule." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration accepted).  That error is plain when the legal rule is already clearly established. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (per curiam).  A defendant who has not been given his allocution right will generally receive a presumption of prejudice for the third prong of plain error review, even if the defendant received a sentence at the low end of his guideline

12

range, because of the possibility of variances below the guideline range. *Doyle*, 857 F.3d at 1120–21. We have held that an allocution error automatically satisfies the fourth prong if the third requirement is met because of the central role allocution plays in sentencing. *See id.* at 1118; *United States v. Perez*, 661 F.3d 568, 586 (11th Cir. 2011).

We have previously found that a district court committed plain error when it directed the question of whether the defendant would be allocating to the defendant's attorney rather than to the defendant. *See, e.g.*, *Machado*, 886 F.3d at 1087 (reasoning that the district court's failure to address the defendant personally about his right to allocution constituted a plain error); *Perez*, 661 F.3d at 584 (holding that the district court plainly erred by directing the question, "will the defendant be allocating?" to the defendant's attorney, even though the defendant's attorney conferred with the defendant (alterations accepted)).

Although he contends that he objected to the manner in which the district court imposed his sentence, such objection was insufficient to apprise the court of the particular grounds upon which appellate relief would later be sought—that he was deprived of his opportunity to allocute.

Substantively, and as the government concedes, the district court committed plain error by not addressing Walker personally to inquire if he would like to speak in allocution. This error was plain in light of our prior precedent and Federal Rule

13

of Criminal Procedure Rule 32.  *See Machado*, 886 F.3d at 1087; *Perez*, 661 F.3d at 584.  Walker was prejudiced because he was sentenced to 188 months' imprisonment, which was 8 months above the statutory minimum sentence.  And because the third requirement is satisfied, the fourth is automatically satisfied.  *See Doyle*, 857 F.3d at 1120–21.  Accordingly, we vacate Walker's sentence and remand so that Walker may be afforded his right of allocution.

## CONCLUSION

In summary, we reject Walker's argument that § 922(g) exceeds Congress's Commerce Clause authority and reject Walker's challenges to his designation as an armed career criminal.  But we find that the district court plainly erred when it failed to address him personally and provide him with an opportunity to allocute.  Therefore, we affirm Walker's conviction but vacate his sentence and remand for resentencing consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS**.