[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13716
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00024-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE JAMES PATTERSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 7, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Jesse Patterson, a federal prisoner, appeals his sentence of 24-months imprisonment, which the district court imposed after revoking his supervised release pursuant to 18 U.S.C. § 3583.  Patterson argues that § 3583(e)(3) violates the Fifth and Sixth Amendments because it allows the District Court to extend a defendant's original sentence beyond its statutory maximum based on judge-found facts.  After careful consideration, we affirm.

## I.

In August 2016, Patterson was sentenced to 24-months imprisonment followed by three years of supervised release for his conviction for possessing a firearm as a convicted felon.  Patterson began his term of supervised release on January 3, 2017.  In January 2019, the district court issued a warrant and violation petition, alleging Patterson had violated the conditions of his supervised release. Patterson was arrested in New York and brought to the Northern District of Georgia.  He was charged with four probation violations: (1) armed robbery; (2) aggravated assault; (3) failure to report to his probation office between January 18, 2019 and May 16, 2019; and (4) leaving the Northern District of Georgia without approval from the probation office.

On September 3, 2019, the district court held a revocation hearing, during which Patterson admitted to violations 3 and 4, but contested violations 1 and 2. After hearing testimony from several witnesses, the district court revoked

2

Patterson's supervised release and imposed a sentence of 24-months imprisonment with no supervised release to follow.

On appeal, Patterson raises a single argument. He says § 3583(e)(3) is unconstitutional, both facially and as applied, because it allows a district court to increase a defendant's sentence beyond the statutory maximum based on facts found by the judge under a preponderance of the evidence standard. This, according to Patterson, violates the Fifth and Sixth Amendments under the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151 (2013).

**II.**

We ordinarily review de novo the constitutionality of a statute. United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010). However, issues raised for the first time on appeal are reviewed for plain error. Id. "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted). An error is plain when it "is obvious and is clear under current law." United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (quotation marks omitted). "Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly

3

resolving it." United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015) (per

curiam) (quotation marks omitted and alteration adopted).

### III.

Section 3583(e)(3) provides that a district court may "revoke a term of

supervised release, and require the defendant to serve in prison all or part of the

term of supervised release" upon a finding "by a preponderance of the evidence

that the defendant violated a condition of supervised release." 18 U.S.C.

§ 3583(e)(3). However,

> [A] defendant whose term is revoked under this paragraph may not be
> required to serve on any such revocation more than 5 years in prison if
> the offense that resulted in the term of supervised release is a class A
> felony, more than 3 years in prison if such offense is a class B felony,
> more than 2 years in prison if such offense is a class C or D felony, or
> more than one year in any other case . . . .

Id. While § 3583(e)(3) places a limit on the length of prison terms for supervised

release revocations, it does not appear to limit the number of times a defendant's

release may be revoked. Patterson says that, because a district court may "revoke a

portion of the supervised release term, re-impose supervision, and revoke again, ad

infinitum, if other violations occur," § 3583 violates the Fifth and Sixth

Amendments under the Supreme Court's decisions in Apprendi and Alleyne. Br.

of Appellant at 10–11.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362–63. Similarly, the Supreme Court held in Alleyne that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 570 U.S. at 103, 115–16, 133 S. Ct. at 2155, 2162–63.

In United States v. Cunningham, 607 F.3d 1264 (11th Cir. 2010) (per curiam), this Court rejected a Fifth and Sixth amendment challenge to § 3583(e)(3) under Apprendi. Id. at 1268. The panel held that even though a supervised release violation may lead to reimprisonment, supervised release is part of the penalty for the defendant's underlying conviction, and therefore the violative conduct need only be found by a judge under the preponderance-of-the-evidence standard. See id. Under this Court's prior precedent rule, Cunningham binds us unless it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court. See United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003).

Patterson recognizes that Cunningham upheld the constitutionality of § 3583(e)(3) in the face of a similar challenge under the Fifth and Sixth Amendments and the Supreme Court's decision in Apprendi. Still, he says Cunningham does not foreclose his argument for two reasons. First, Patterson says Cunningham did not address his precise argument that "§ 3583(e) violates the Fifth

5

and Sixth Amendments because of the absence of a statutory cap on the number of times or total length of time that revocations can be imposed." Reply Br. of Appellant at 1. "That issue," Patterson argues, "is yet to be resolved by this Circuit." Id. As an initial matter, Cunningham held that Apprendi does not apply to the revocation of supervised release because "there is no right to trial by jury in a supervised release revocation hearing." 607 F.3d at 1268. Cunningham thus announced a broad ruling that Apprendi does not apply in the § 3583(e) context. Cunningham therefore forecloses Patterson's argument that sentences resulting from repeat revocations under § 3583(e)(3) constitute an Apprendi violation.

Even if Patterson were right that Cunningham did not address his precise claim, the absence of controlling authority would hurt, rather than help him. Because Patterson raises his claim for the first time on appeal, we review it for plain error, see Wright, 607 F.3d at 715, and an error cannot be plain if there is no precedent from the Supreme Court or this Court directly resolving the issue, Hesser, 800 F.3d at 1325. Patterson thus cannot succeed under plain error review because he points to no authority directly supporting his claim that § 3583(e)(3) is unconstitutional under the Fifth and Sixth Amendments.

Patterson also suggests that the Supreme Court's decision in United States v. Haymond, 588 U.S. ___, 139 S. Ct. 2369 (2019), undermines the holding in Cunningham. In Haymond, the Supreme Court addressed a Fifth and Sixth

Amendment challenge to 18 U.S.C. § 3583(k), which imposes mandatory minimum sentences for certain enumerated supervised release violations. Id. at 2374. The Court held that this subsection violated the defendant's Fifth and Sixth Amendment rights because, although the defendant faced a lawful prison term of zero to ten years based on his underlying conviction, his supervised release violation triggered a mandatory minimum prison term of five years to life under § 3583(k). Id. at 2378, 2382 (plurality opinion); id. at 2386 (Breyer, J., concurring). Because this mandatory minimum sentence was imposed on the basis of judicial factual findings by a preponderance of the evidence, the Court held that § 3583(k) violates Alleyne. Id. at 2382, 2386. But while Haymond invalidated § 3583(k), it did not decide the constitutionality of § 3583(e). See id. at 2383–84 (plurality opinion) (noting that its opinion was "limited to § 3583(k)"); id. at 2385–86 (Breyer, J., concurring) (addressing only the constitutionality of § 3853(k)). As a result, we remain bound by this Court's opinion in Cunningham, see Brown, 342 F.3d at 1246, which forecloses Patterson's challenge to the constitutionality of § 3583(e)(3).

**AFFIRMED**.