[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10605

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EFRAIN CASADO,
a.k.a. E-4,
a.k.a. Efro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                  Opinion of the Court                  22-10605

D.C. Docket No. 1:99-cr-00125-KMM-4

———————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Efrain Casado, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and § 603 of the First Step Act of 2018.[1] He contends his health conditions coupled with his risk of illness from COVID-19 constitute an extraordinary and compelling circumstance warranting his early release. He also asserts, contrary to our precedent in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the district court had the authority to reduce his sentence for reasons outside of those prescribed by the Bureau of Prisons (BOP), including his rehabilitation in prison, his skills to reintegrate into society, and the BOP's overly burdensome COVID-19 protocols. Lastly, he contends the district court improperly found the 18 U.S.C. § 3553(a) sentencing factors weighed against release by placing inordinate weight on his over 30-year-old, juvenile criminal history, without proper consideration of his rehabilitation and changes in the law that would alter the calculation of his underlying

—————————————

[1] Pub. L. 115-391, 132 Stat. 5194 (First Step Act).

22-10605                Opinion of the Court                    3

sentence if it were calculated today. After review,[2] we affirm the district court.

A district court has no inherent authority to modify a defendant's sentence and may only do so when it is authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Section 3582(c)(1)(A) provides authorization to modify a sentence through a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A district court may grant a prisoner's motion for compassionate release, if (1) the factors set forth in 18 U.S.C. § 3553(a) favor doing so, (2) there is an "extraordinary and compelling" reason for doing so, and (3) granting a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Because all three conditions must be satisfied before a district court can grant a reduction, the absence of even one of these conditions would foreclose a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The commentary to § 1B1.13 of the Sentencing Guidelines lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal

---

[2] We review *de novo* determinations about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. *Id.* A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75 percent of his term, whichever is less. *Id.*, comment. (n.1(B)). Additionally, a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)). This catch-all provision "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant,* 996 F.3d at 1247-48.

The district court did not abuse its discretion by denying Casado's compassionate release motion, because Casado did not establish an extraordinary and compelling reason for a sentence reduction. First, Casado did not allege he had a terminal illness or that he was at least 65 years old. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)), (B)). In fact, Casado was 50 years old at the time he filed the motion. Nothing in the record otherwise suggests Casado's health conditions substantially diminished his ability to provide

self-care, even in light of the COVID-19 pandemic. The medical records provided by the Government do not show Casado was ever diagnosed with hypertension. And, as the district court found, the records do not show Casado's other conditions of gastroesophageal reflux disease (GERD) or pains from a gunshot wound were not being adequately managed or might have affected his ability to care for himself in prison. Notably, Casado's conditions of GERD and pain are not included on the CDC's list of medical conditions presenting a higher risk of severe illness from COVID-19. Under these circumstances, none of Casado's medical problems established eligibility for a reduced sentence, even when considered with their potential risk of severe COVID-19 illness. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (upholding the denial of compassionate release where the movant suffered from medical conditions of high cholesterol, high blood pressure, coronary artery disease—despite any potential increase in risk of severe symptoms from COVID-19—because those conditions were manageable in prison and did not meet the categories in comment (n.1(A)); *Harris*, 989 F.3d at 912 (upholding the denial of compassionate release where the inmate's medical condition of hypertension was labeled by the Centers for Disease Control and Prevention only as a condition that "might" increase the risk of a severe illness from COVID-19).

Second, contrary to Casado's suggestion, pursuant to *Bryant*, the district court did not have the discretion to develop extraordinary and compelling reasons outside of those listed in

§ 1B1.13 to justify a reduction in his sentence.    *See* U.S.S.G. § 1B1.13, comment. (n.1(D)); *Bryant*, 996 F.3d at 1247-48; *United States v. Brown,* 342 F.3d 1245, 1246 (11th Cir. 2003) (explaining under the prior panel precedent rule, we are bound to follow prior binding precedent unless and until it is overruled by us *en banc* or by the Supreme Court).    None of Casado's provided reasons fell within those the district court could rely upon to grant relief.    Accordingly, because an "extraordinary and compelling" circumstance is a necessary condition for a sentence reduction, and Casado failed to establish such a circumstance, the district court did not abuse its discretion by denying Casado's compassionate release motion.    *See Tinker*, 14 F.4th at 1237-38.    Accordingly, because an extraordinary and compelling circumstance was a necessary condition for compassionate release, and Casado failed to establish such a circumstance, we affirm.

**AFFIRMED.**